NOT FOR PUBLICATION

```
            UNITED STATES DISTRICT COURT
               DISTRICT OF NEW JERSEY
                  CAMDEN VICINAGE

KEVIN GRAHAM,              :    CIV. NO. 20-3283 (RMB)
                           :
        Petitioner         :
                           :
    v.                     :    MEMORANDUM AND ORDER
                           :
DAVID E. ORTIZ, WARDEN     :
                           :
        Respondent         :
```

BUMB, District Judge

On March 26, 2020, Petitioner Kevin Graham, a prisoner confined in the Federal Correctional Institution in Fort Dix, New Jersey, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, challenging his conviction and sentence for kidnapping imposed by the United States District Court, District of Minnesota in Criminal Action No. 06-366 (MJD/RLE), and the Bureau of Prison's security designation of Sex Offender ("SOPSF")(Pet., Dkt. No. 1.) Petitioner did not pay the $5 filing fee required by 28 U.S.C. § 1914(a) for habeas actions but instead filed an incomplete application to proceed *in forma pauperis* ("IFP") under 28 U.S.C. § 1915(a). (IFP App., Dkt. No. 1-1.) The Court will administratively terminate this matter because Plaintiff's IFP application is incomplete.[1] 28 U.S.C. 1915(a)(2) requires

---

[1] See Local Civil Rule 54.3(a):

> (a) Except as otherwise directed by the Court, the Clerk shall not be required to enter any suit, file any paper, issue any process or

> A prisoner seeking to bring a civil action or appeal a judgment in a civil action or proceeding without prepayment of fees or security therefor, in addition to filing the affidavit filed under paragraph (1), shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined.

Plaintiff's trust account statement is not certified [signed] by the appropriate prison official.

Plaintiff should be advised that if he pays the filing fee or is granted IFP status, the Court must screen his petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, applicable to Section 2241 cases under Rule 1, scope of the Rules. Pursuant to Rule 4, the Court would dismiss this action because challenges to a federal prisoner's conviction and sentence presumptively must be brought in the sentencing court under 28 U.S.C. § 2255. Davis v. Warden Allenwood FCI, No. 19-2641, 2020 WL 3446811, at *1 (3d Cir. June 24, 2020) (citing Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002)). The only exception recognized by the Third Circuit Court

---

> render any other service for which a fee is prescribed by statute or by the Judicial Conference of the United States, nor shall the Marshal be required to serve the same or perform any service, unless the fee therefor is paid in advance. The Clerk shall receive any such papers in accordance with L.Civ.R. 5.1(f).

of Appeals that fits within the § 2255(e) safety valve is that a prisoner may challenge his conviction in a habeas petition under § 2241 when he alleges "he is being detained for conduct that has subsequently been rendered non-criminal by an intervening Supreme Court decision, with 'no other avenue of judicial review available' to 'challenge his conviction'" Id., 2020 WL 3446811, at *2 (quoting In re Dorsainvil, 119 F.3d 245, 247-48 (3d Cir. 1997)). Petitioner claims that he seeks relief based on the Supreme Court's 2019 decision in United States v. Davis, 139 S. Ct. 2319 (2019). Davis, however, is inapposite because it held that 18 U.S.C. § 924(c)(3)(B) is unconstitutionally vague and Petitioner is not challenging a conviction under § 924(c)(3)(B) but rather a conviction for kidnapping.

Petitioner also seeks to challenge the Bureau of Prison's security designation, which precludes his transfer to a federal prison camp or for early release upon completion of an RDAP program. Challenges to the BOP's security classifications are not cognizable under 28 U.S.C. § 2241. Briley v. Warden Fort Dix, FCI, 703 F. App'x 69,71 (3d Cir. 2017) (per curiam). For these reasons,

    **IT IS** on this **16th day of July 2020**,

**ORDERED** that the Clerk of the Court shall administratively terminate this case without filing the petition; Petitioner is informed that administrative termination is not a "dismissal"; and it is further

    **ORDERED** that the Clerk of the Court shall send Petitioner a

blank form "Affidavit of Poverty and Certification (HABEAS CORPUS)" DNJ-Pro Se-007-B-(Rev. 09/09); and it is further

**ORDERED** that if Petitioner wishes to reopen this case, he shall so notify the Court, in writing addressed to the Clerk of the Court, Mitchell H. Cohen Building & U.S. Courthouse, 4th & Cooper Streets, Room 1050, Camden, NJ 08101, within 30 days of the date of entry of this Order; Petitioner's writing shall include either (1) a complete, signed *in forma pauperis* application or (2) the $5.00 filing fee; and it is further

**ORDERED** that upon receipt of such writing from Petitioner within the time allotted by this Court, the Clerk of the Court will be directed to reopen this case, subject to screening and possible dismissal under Habeas Rule 4; and it is finally

**ORDERED** that the Clerk of the Court shall serve a copy of this Order upon Petitioner by regular U.S. mail.

                                            s/Renée Marie Bumb
                                            **RENÉE MARIE BUMB**
                                            **United States District Judge**